## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| IN RE RHODIA, INC. | ) Named Case No. 1:05-CV-10242 DAB |
| ERISA ACTION | ) MDL 1714 (DAB) |
| | ) |
| ———————————————————————— | ) ECF CASE |
| | ) ~~~~ |
| This Document Relates To: | ) |
| | ) REVISED [PROPOSED] ORDER: (1) |
| ALL ACTIONS. | ) PRELIMINARILY APPROVING |
| | ) SETTLEMENT; (2) CERTIFYING |
| | ) SETTLEMENT CLASS FOR PURPOSES |
| | ) OF SETTLEMENT; (3) APPROVING |
| | ) FORM AND MANNER OF NOTICE; AND |
| | ) (4) SCHEDULING FAIRNESS HEARING |
| ———————————————————————— | ) |

Before the Court is the unopposed Motion of Jose Jimenez and Pam Skeeters ("Named Plaintiffs") seeking an Order: (1) preliminarily approving the Settlement of the above-captioned action pursuant to the terms and conditions of the Class Action Settlement Agreement (the "Settlement Agreement"),[1] dated as of October 15, 2007; (2) approving the forms of notice and directing the manner of delivery and publication of the Class Notice and Summary Notice attached hereto as Exhibits A and B, respectively; (3) certifying a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Settlement Agreement and the final approval thereof; and (4) scheduling a hearing to consider the fairness of the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e) and to consider the application for attorneys' fees and expenses by counsel for Named Plaintiffs pursuant to the common fund doctrine. Upon consideration of the Settlement Agreement, Named Plaintiffs' Motion and the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

---

[1] To the extent not otherwise defined herein, all capitalized terms shall have the same meanings as used in the Settlement Agreement.

1.    The Settlement embodied in the Settlement Agreement is hereby PRELIMINARILY APPROVED as appearing on its face: (i) to be fair, reasonable, and adequate; (ii) to be the product of serious, informed, and extensive arm's-length negotiations among the Parties; and (iii) there appearing to have been a genuine controversy between the Parties involving the Defendants' compliance with the fiduciary requirements of ERISA.

2.    The Court finds that the notices proposed by Named Plaintiffs (as the Settlement Plan Administrator will format for publication and mailing) are hereby APPROVED. The Class Notice (the form of which is attached as Exhibit A) shall be mailed by first-class mail, postage prepaid, to the last known address of all known members of the Settlement Class within 60 days of entry of this Order. The Summary Notice (attached as Exhibit B) shall be published in *Investor's Business Daily*, *The Times*, of Trenton, New Jersey, and *The New York Times* within 60 days of the entry of this Order. Class Counsel will ensure that the Class Notice and Summary Notice shall be handled in the manner set forth in and required by the Settlement Agreement and shall file an affidavit attesting to the mailing of the Class Notice and publication of the Summary Notice with the Court at or before the Fairness Hearing.

3.    The form and manner of delivery and publication of the Class Notice and Summary Notice directed hereby and in the Settlement Agreement meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all members of the Settlement Class.

4.    The Court hereby APPROVES the maintenance of this Action as a class action for purposes of the Settlement Agreement pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1).

Specifically, the Court FINDS that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) the Named Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (e) the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications with respect to individual members of the Settlement Class that would establish incompatible standards of conduct for Defendants; or (ii) adjudications with respect to individual members of the Settlement Class which would as a practical matter be dispositive of the interests of the other members of the Settlement Class. Also, for purposes of the proposed Settlement Agreement only, the Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Named Plaintiffs have represented and will adequately represent the Settlement Class as "Class Representatives," and are hereby approved as Class Representatives.

5.      Accordingly, subject to reconsideration by this Court after the Fairness Hearing, the Action is hereby CERTIFIED as a class action for purposes of the Settlement Agreement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), with the Settlement Class defined as follows:[2]

> All persons who were participants in or beneficiaries of the Plan at any time between January 1, 1999 and October 1, 2007, and whose accounts included investments in the Common Stock Fund, excluding any Defendants or their immediate family members.

---

[2]  Defendants reserve the right to contest any and all aspects of class certification in the event that the Settlement Agreement does not become effective or is reversed on appeal. The Court finds such reservation to be effective until the Effective Date.

6. The Court appoints as Class Counsel for the Settlement Class the firms of Robbins Umeda & Fink, LLP and the Law Offices of Mallison & Martinez. Based on the proceedings in this matter to date and the documents on file with the Court, the Court concludes that Class Counsel has represented and will represent the Settlement Class fairly and adequately. Appointment of the above-named counsel as Class Counsel is supported by the significant work that Class Counsel has performed in identifying and investigating the potential claims in this Action, the experience of Class Counsel in handling complex litigation, including but not limited to class and derivative actions and ERISA actions, Class Counsel's knowledge of ERISA, and the resources that Class Counsel has committed to the prosecution of this Action.

7. A Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court on $\underline{\text{June 13}}$ , 200 $\underline{8}$ , at $\underline{\text{10:30}}$ a.m. in Courtroom 24 B for the following purposes:



(a) to determine whether the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(b) to determine finally whether the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Settlement Agreement;

(c) to determine whether the Action should be dismissed with prejudice as to all Defendants pursuant to the Settlement Agreement;

(d) to determine: (i) whether the Settlement Agreement has been negotiated at arm's-length by the Named Plaintiffs and Class Counsel on behalf of the Plan and the Settlement Class; (ii) whether the Named Plaintiffs have acted independently and whether their

4



interests are consistent with the interests of the Plan and the Settlement Class; and (iii) whether the Settlement Agreement complies with the Department of Labor's Class Prohibited Transaction Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation, PTE 2003-29;

(e)     to determine whether the Final Order as provided under the Settlement Agreement should be entered and whether the Released Parties and others released in the Settlement Agreement should be released from the Released Claims as provided for in the Settlement Agreement;

(f)     to determine whether the provisions in the Settlement Agreement are fair, reasonable and adequate that bar and enjoin:  (i) Named Plaintiffs, the Plan, the Plan's fiduciaries, all members of the Settlement Class and any other Parties from instituting or prosecuting, either directly or indirectly, or in a representative capacity, any action in any court or any other forum asserting any Released Claims or other claims released in the Settlement Agreement against any of the Released Parties or any other Person released in the Settlement Agreement; and (ii) the Parties from instituting or prosecuting, either directly or indirectly, or in a representative capacity, any actions against any Released Parties, Defendants' counsel, any members of the Settlement Class or Class Counsel, based on any individual claim amount, allocation, or distribution made or not made pursuant to the Plan of Allocation, in accordance with the terms of the Settlement Agreement;

(g)     to determine whether the proposed Plan of Allocation of the Net Proceeds is fair, reasonable, and adequate and should be approved by the Court;

5

(h)     to determine whether Class Counsel's application for an award of attorneys' fees and reimbursement of expenses pursuant to the common fund doctrine is fair, reasonable, and adequate and should be approved by the Court;

(i)     to consider the Named Plaintiffs' applications for contribution payments; and

(j)     to rule upon such other matters as the Settlement Agreement contemplates and as the Court may deem just and proper.

8.     Any application by Class Counsel for attorneys' fees and reimbursement of expenses, and all papers in support thereof, shall be filed with the Court and served on all counsel of record no fewer than 14 days before the Fairness Hearing.

9.     The Court having determined that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1) for purposes of the Settlement Agreement, members of the Settlement Class shall be bound by any judgment in this Action, subject to the Court's final determination at the Fairness Hearing as to whether this Action may so proceed.

10.     The Court shall consider comments or objections to the certification of the Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(1), the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, and Named Plaintiffs' contribution payments at the Fairness Hearing, but only if such comments or objections and any supporting papers are filed with the Clerk of the Court, United States District Court for the Southern District of New York, at the address set forth below, no fewer than 21 days before the Fairness Hearing, and by the same date, copies of all such papers are served on the following:

6

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>Southern District of New York<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Jeffrey P. Fink<br>ROBBINS UMEDA<br>& FINK, LLP<br>610 West Ash Street<br>Suite 1800<br>San Diego, CA 92101 | Deborah S. Davidson<br>MORGAN LEWIS &<br>BOCKIUS LLP<br>77 W. Wacker, Fifth Floor<br>Chicago, IL 60601 |

Stan S. Mallison
MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549

11. Written objections must provide a detailed statement of the objector's specific objections to any matter before the Court and all the grounds therefor, and must include all documents such person wishes the Court to consider.

12. Attendance at the hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement Agreement, the Plan of Allocation, the requests for attorneys' fees and reimbursement of expenses, or the request for an Incentive Compensation payment to the Named Plaintiffs, must state in their written objection(s) their intention to appear at the Fairness Hearing. Such persons must identify in their written objection(s) the names of any witness they may call to testify and any exhibits they intend to introduce into the evidence at the Fairness Hearing. Members of the Settlement Class do not need to appear at the hearing or take any other action to indicate their approval of the Settlement Agreement.

13. No person shall be entitled to object to the proposed Settlement Agreement, final approval of the Settlement, any award of attorneys' fees or expenses, or otherwise to be heard, except by filing and serving written objections (and, if such person wishes to be heard at the Fairness Hearing, a written notice of intention to appear) in the form and manner, and

7

by the date, required by the Class Notice and Summary Notice. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall forever be barred from raising such objections in this or any other action or proceeding.

14.     Pending final determination of whether the Settlement Agreement should be approved, the Parties, all members of the Settlement Class, the Plan, and the Plan's fiduciaries are each hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any Released Claim or any other claim that is released in the Settlement Agreement against any Released Parties or any other Person released in the Settlement Agreement.

15.     If the Settlement Agreement is terminated pursuant to the provisions thereof, this Order shall be null, void, and of no further force or effect, and each party to the Settlement Agreement shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

16.     The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

17.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement.

**SO ORDERED**

Deborah A. Batts
**DEBORAH A. BATTS   1/28/08**
**UNITED STATES DISTRICT JUDGE**

8

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### NOTICE OF CLASS ACTION SETTLEMENT

*In re Rhodia, Inc. ERISA Litigation*
Lead Case No. 1:05-CV-10242 DAB, MDL 1714 (DAB)

### TO ALL MEMBERS OF THE FOLLOWING SETTLEMENT CLASS:

All persons who were participants in or beneficiaries of the Rhodia Inc. Savings Plus Plan ("the Plan") at any time between January 1, 1999 and October 1, 2007, and whose accounts included investments in the Rhodia Stock Fund ("Common Stock Fund"), excluding Defendants and their immediate family members ("Settlement Class").

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.

The United States District Court for the Southern District of New York (the "Court") has preliminarily approved a proposed settlement ("Settlement") of a class action lawsuit, *In re Rhodia, Inc. ERISA Litigation*, Lead Case No. 1:05-CV-10242 DAB, MDL 1714 (DAB) (the "Action"), brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") against Rhodia, Inc. and other Defendants. This Notice contains information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Settlement Agreement, which is available at www.mallisonlaw.com or from counsel for the Settlement Class ("Class Counsel"). Capitalized terms used in this Notice are defined in the Definitions section of this Notice.

The Settlement provides for the payment of Two Million Four Hundred Thousand Dollars ($2,400,000.00) into a Settlement Fund as well as certain forms of non-monetary relief described below. The Settlement Fund, net of certain Court-approved attorneys' fees and expenses, as well as Named Plaintiffs' contribution payments and other Settlement expenses (the "Net Proceeds"), will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court.

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's motion for attorneys' fees, expenses and/or contribution payments to Named Plaintiffs. That hearing, before the Honorable Deborah A. Batts, is scheduled on Ｊｕｎｅ ＼３ , 200 8 at ｌ０:30 m. in Courtroom 24 8 , 24 Floor, at the United States Courthouse, 500 Pearl Street, New York, New York. If approved, the Settlement would bind you as a member of the Settlement Class. You may appear at this hearing and/or object to the Settlement. Any objections to the Settlement or the motion for attorneys' fees, expenses or contribution payments

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia.
They cannot answer your questions.

1



must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained at pages 9-11 of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU NEED NOT APPEAR IN COURT, AND YOU NEED NOT HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| YOU CAN DO NOTHING NO ACTION IS NECESSARY TO RECEIVE AN ALLOCATION | You do not need to do anything to receive an allocation. Under the Settlement, the Settlement Plan Administrator will calculate the portion, if any, of the Settlement Fund to which you are entitled. If you are a current participant in the Plan and are eligible to receive a payment, the Settlement Escrow Agent will disburse Net Proceeds to the Trust for distribution by the Plan to your account. If you are a member of the Settlement Class but no longer participate in the Plan, the Settlement Plan Administrator shall disburse Net Proceeds into a sub-trust for purposes of holding such amounts pending distribution to you. |
| YOU CAN OBJECT BY [DATE] | You can write to the Court about why you do not like any part of the Settlement. |
| YOU CAN GO TO A HEARING ON [DATE] | You can ask to speak in Court about the fairness of the Settlement. |

Your rights and options and the date by which you must object to any part of the Settlement are explained in this Notice. The Court in charge of this case still has to decide whether to approve the Settlement. Net Proceeds of the Settlement will be paid only if the Court approves the Settlement and that approval is upheld in the event of any appeals.

Further information regarding the Action and this Notice may be obtained by contacting Class Counsel:

Jeffrey P. Fink
ROBBINS UMEDA
& FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101

Stan S. Mallison
LAW OFFICES OF MALLISON
& MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

2



## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION................................................................................................................5

   1.   Why did I get this notice package? ......................................................................5

   2.   How do I get more information?...........................................................................5

   3.   What is this Action about? ...................................................................................5

   4.   Why is this a class action? ...................................................................................6

   5.   Why is there a Settlement? ...................................................................................6

   6.   How do I know if I am part of the Settlement?.......................................................6

   7.   I'm still not sure if I'm included. .........................................................................7

   8.   Can I opt out or be excluded from the Settlement? ................................................7

THE SETTLEMENT BENEFITS-WHAT YOU MIGHT GET ....................................................7

   9.   What does the Settlement provide?.......................................................................7

   10.   How much will my payment be? ..........................................................................8

HOW YOU GET A PAYMENT ..................................................................................................8

   11.   How can I get my payment? ................................................................................8

   12.   When will I get my payment?..............................................................................8

THE LAWYERS REPRESENTING YOU .................................................................................9

   13.   Do I have a lawyer in this case?..........................................................................9

   14.   How will the lawyers be paid?.............................................................................9

OBJECTING TO THE SETTLEMENT.....................................................................................9

   15.   What does it mean to object? ...............................................................................9

   16.   How do I tell the Court that I don't like the Settlement? .........................................9

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

3

J-CH/201841.1

THE COURT'S FAIRNESS HEARING .......................................................................................10

    17.    When and where will the Court decide whether to approve the Settlement? ........10

    18.    Do I have to go to the Fairness Hearing? ..............................................................11

    19.    May I speak at the Fairness Hearing? ....................................................................11

IF YOU DO NOTHING ...............................................................................................................11

    20.    What happens if I do nothing at all? ......................................................................11

GETTING MORE INFORMATION.............................................................................................11

    21.    Are there more details about the Settlement? .........................................................11

DEFINITIONS..............................................................................................................................12

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

4

1-CH/201841.1



## BASIC INFORMATION

### 1. Why did I get this notice package?

You or someone in your family may have been a participant or beneficiary in the Plan and invested in the Common Stock Fund at some time from January 1, 1999 until October 1, 2007.

The Court sent you this Notice because you have a right to know about a proposed Settlement of a class action lawsuit before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals, if any, are resolved, the Escrow Agent will make the allocations to eligible members of the Settlement Class as allowed by the Settlement and Plan of Allocation. This package explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to get them.

The Court in charge of the case is the United States Southern District Court for the District of New York, and the case is known as *In re Rhodia, Inc. ERISA Litigation*, Lead Case No. 1:05-CV-10242 DAB, MDL 1714 (DAB). The people who sued are called the Named Plaintiffs, and the companies, committees and people they sued are called Defendants. Specifically, Named Plaintiffs Jose Jimenez and Pam Skeeters brought the lawsuit against Rhodia Inc., the Plan's Benefits and Investment Committees, and several current and former employees of Rhodia Inc., as well as several current and former employees of Rhodia Inc.'s French parent company, Rhodia SA.

### 2. How do I get more information?

You can call _____ toll-free, or visit the website www.mallisonlaw.com, where you will find answers to common questions about the Settlement, plus other information to help you determine whether you are a member of the Settlement Class and whether you may be an authorized claimant – that is, eligible for an allocation from the Net Proceeds of the Settlement. More information about this Settlement may be found in the Settlement Agreement available at the website discussed above. See also Question 21 below. **Please do not contact the Court. It will not be able to answer your questions.**

### 3. What is this Action about?

In separate complaints filed in 2005 and subsequently consolidated and amended, Named Plaintiffs allege that Defendants violated their fiduciary duties under the federal law known as ERISA by, among other things, allegedly: (i) maintaining investments in the stock of Rhodia SA in the Plan at a time when the stock was allegedly an imprudent investment because of its declining value; (ii) failing to disclose to Plan participants the risk of investing in Rhodia SA stock given its volatility; and (iii) failing to monitor the performance of those to whom fiduciary duties had been delegated under the Plan. Defendants deny any wrongdoing and will vigorously defend the lawsuit if the proposed Settlement is not approved. The Court has not made any

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

5

1-CH/201841.1



finding that the Defendants or any fiduciary has engaged in any wrongful conduct or in violation of any law or regulation.

### 4. Why is this a class action?

In a class action, one or more persons sue on behalf of people who have similar claims. All of these people who have similar claims make up the Settlement Class and are members of the Settlement Class. One court resolves the issues for all members of the Settlement Class. Because Named Plaintiffs believe that the conduct alleged in this case affected the Plan and a large group of people in a similar way, Named Plaintiffs filed the Consolidated Amended Complaint as a class action. The Court has not made any finding that the Action should be certified as a class action. However, because the Settlement affects the Plan and a large group of current and former Plan participants in a similar way, the Parties have agreed for the Court to certify a class for purposes of the Settlement.

### 5. Why is there a Settlement?

The Court has not decided in favor of Named Plaintiffs or Defendants. Instead, the parties have agreed to a Settlement after extensive negotiations. By agreeing to the Settlement, the Parties avoid the costs and risks of a trial, and the Plan and Settlement Class receive compensation. As in any case, if the case were to be tried, Named Plaintiffs would face an uncertain outcome, in which the Class might be awarded greater compensation than is provided by the Settlement, or might be awarded less, or even no compensation. Class Counsel has reviewed the evidence in the case and evaluated the potential risks and benefits of continued litigation. The Named Plaintiffs and Class Counsel believe that the Settlement is best for the Settlement Class. In addition, an Independent Fiduciary has been retained to review the Settlement and determine whether it is in the best interests of the Plan and its participants. The Settlement does **NOT** mean that Defendants did anything wrong or engaged in the conduct Named Plaintiffs allege. The Court has not made any finding that Defendants or any fiduciary has engaged in any wrongful conduct or in violation of any law or regulation.

### 6. How do I know if I am part of the Settlement?

The Parties have agreed to the certification of a Settlement Class for purposes of the Settlement. Everyone who fits the following description is a member of the Settlement Class:

> All persons who were participants in or beneficiaries of the Rhodia Inc. Savings Plus Plan at any time between January 1, 1999 and October 1, 2007, and whose accounts included investments in the Common Stock Fund, excluding Defendants and their immediate family members.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

6

1-CH/201841.1



### 7. I'm still not sure if I'm included.

If you are still not sure whether you are a member of the Settlement Class, you can ask for free help. Please call toll-free _____ or visit www.mallisonlaw.com. Do not contact the Court. It will not be able to answer your questions.

### 8. Can I opt out or be excluded from the Settlement?

No. If you are a Settlement Class member, you do not have the right to exclude yourself from the Settlement of the Action. For purposes of this proposed Settlement and the Court's determination of final approval of the proposed Settlement, this case was preliminarily certified under Fed. R. Civ. P. Rule 23(a) and (b)(1) as a "non opt-out" class action because of the way ERISA operates. Therefore, you (as well as the Named Plaintiffs, the Plan, the Plan's fiduciaries, and any Settlement Class member, whether acting on their own behalf or on behalf of any persons they represent) will be bound by any judgments or orders that are entered in this Action, and, if the Settlement is approved, you shall be deemed to have, and by operation of the Final Order shall have, forever released all Released Claims against all Released Persons (including Unknown Claims as defined below) and certain other claims against Persons as specified in the Settlement Agreement.

Although you cannot opt out of Settlement, you can object to the Settlement and ask the Court not to approve the Settlement. See Question 16.

## THE SETTLEMENT BENEFITS-WHAT YOU MIGHT GET

### 9. What does the Settlement provide?

Defendants have agreed to pay $2.4 million in cash to resolve the claims released in the Settlement Agreement. The total payment under the Settlement is called the Settlement Fund. Certain attorneys' fees and expenses, including those incurred by Class Counsel that are approved by the Court, will be deducted from the Settlement Fund. The remaining amount referred to is Net Proceeds, which is further defined below.

In addition, as part of the settlement of the claims asserted in this Action, Rhodia agreed to significant non-monetary consideration. Specifically, Rhodia agreed to eliminate the Common Stock Fund as an investment option under the Plan on or before December 31, 2007. The Common Stock Fund was liquidated on October 1, 2007. In the event Rhodia decides to reinstate the Common Stock Fund at a future date, the Settlement Agreement provides that: (i) Rhodia will not allocate any portion of matching contributions to the Common Stock Fund; (ii) there will be no restrictions on the ability of participants to transfer balances out of the Common Stock Fund; and (iii) Rhodia will add the following language to the Plan's Summary Plan Description: "Investment in the stock of any single company is an inherently risky investment. You should consider this risk as you are deciding whether to invest in the Common Stock Fund."

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

7

1-CH/201841.1



### 10. How much will my payment be?

Your share of the Settlement Fund will depend on the value of the units or shares of the Common Stock Fund you held in the Plan between January 1, 1999 and October 1, 2007. The formula will take into account the value of the units of the Common Stock Fund held, purchased, and sold during the applicable class period. Your share of the Net Proceeds will be based upon the ratio of your loss to the losses of other Plan participants. Your share of the Net Proceeds, however, will be less than your actual losses. Further, Settlement Class members whose share of the Net Proceeds is less than $30 will not receive a distribution; their share of the Net Proceeds will instead be reallocated to other members of the Settlement Class who are entitled to a distribution.

You are not responsible for calculating the amount you may be entitled to receive under the Settlement. This will be done by the Settlement Plan Administrator. If you are entitled to an allocation to your Plan account, you will be provided a statement showing the amount of your allocation. For more information, please refer to the Settlement Agreement and the Plan of Allocation.

If you have questions regarding the Settlement or the portion of the Net Proceeds you may receive, please do not contact the Court or Rhodia. Instead, please call toll-free _____ or visit www.mallisonlaw.com.

## HOW YOU GET A PAYMENT

### 11. How can I get my payment?

If you are a member of the Settlement Class authorized to receive an allocation of the Settlement and still a participant in the Plan, any payment you are authorized to receive will be deposited into your Plan account.

If you are a member of the Settlement Class who is authorized to receive an allocation of the Settlement but are no longer a participant in the Plan, the Escrow Agent will disburse Net Proceeds into a sub-trust pending distribution of such amounts to you.

For more information, please refer to the Settlement Agreement and the Plan of Allocation.

### 12. When will I get my payment?

The Court will hold a Fairness Hearing on $\underline{June\ 13}$ , 200**8** at **10:30** **a**.m. in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom**24B, 24** Floor, to decide whether to approve the Settlement. If the Court approves the Settlement, appeals may follow. If appeals do follow, it is uncertain when they will be resolved, perhaps more than a year. Please be patient.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

8

1-CH201841.1



## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other members of the Settlement Class: Robbins Umeda & Fink, LLP and Law Offices of Mallison & Martinez. These lawyers are called Class Counsel. You will not be charged for these lawyers. These lawyers will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees for counsel representing the Named Plaintiffs of up to 25% of the Settlement Fund, as well as reimbursement for costs and expenses. Named Plaintiffs will also request contribution payments of _____ each for Jose Jimenez and Pam Skeeters for their participation in the action. Named Plaintiffs' contribution payments, if approved, will be paid from the Settlement Fund. The Court may award less than these amounts. You will not have to pay any attorneys' fees, costs or expenses, or any Named Plaintiffs' contribution payment.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the entire Settlement or some part of it.

### 15. What does it mean to object?

Objecting is simply telling the Court that you do not like something about the Settlement. It will not have any bearing on your right to Settlement proceeds, if the Settlement is approved.

### 16. How do I tell the Court that I don't like the Settlement?

You can object to the Settlement if you dislike any part of it, or if you disagree with Class Counsel's request for attorneys' fees, reimbursement of expenses and/or contribution payments to Named Plaintiffs. You can give reasons why you think the Court should not approve the Settlement or the request for attorneys' fees, expenses and/or contribution payments. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *In re Rhodia, Inc. ERISA Litigation*, Lead Case No. 1:05-CV-10242 DAB, MDL 1714 (DAB). Be sure to include your name, address, telephone number, your signature, a detailed statement of your specific objections to any matter before the Court, and all the grounds for your objections to the Settlement. You must also include all documents you wish the Court to consider. You must mail the objection and any supporting papers to each of the places listed below postmarked no later than **MAY 50, Lo** If you fail to mail your objection by this date, the Court may not consider your objection.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

9

1-CH/201841.1



| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>Southern District of New<br>York<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Jeffrey P. Fink<br>ROBBINS UMEDA<br>& FINK, LLP<br>610 West Ash Street<br>Suite 1800<br>San Diego, CA 92101 | Deborah S. Davidson<br>MORGAN LEWIS &<br>BOCKIUS LLP<br>77 W. Wacker, Fifth Floor<br>Chicago, IL 60601 |

Stan S. Mallison
LAW OFFICES OF
MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549

ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE WAY DESCRIBED ABOVE
SHALL BE DEEMED TO HAVE WAIVED SUCH OBJECTION AND SHALL NOT HAVE
ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.

ALL PAPERS SUBMITTED MUST INCLUDE THE CIVIL ACTION NUMBER 1:05-CV-
10242 DAB, MDL 1714 (DAB) ON THE FIRST PAGE.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the Settlement. You may
attend and you may ask to speak, but you are not required to do so. Attendance at the Fairness
Hearing is not necessary. However, persons wishing to be heard orally in opposition to the
approval of the Settlement Agreement, the Plan of Allocation, the requests for attorneys' fees and
reimbursement of expenses, and/or the request for contribution payments to Named Plaintiffs,
must state in their written objection(s) their intention to appear at the hearing. Such persons
must identify in their written objection(s) the names of any witness they may call to testify and
any exhibits they intend to introduce into the evidence at the Fairness Hearing.

### 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on _June 13_, 2008 at _10:30_ a.m. at the United
States District Court for the Southern District of New York, 500 Pearl Street, New York, New
York, Courtroom _24B_, _24_ Floor. At this hearing, the Court will consider whether the
Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.
The Court will listen to people who have timely and properly asked to speak at the hearing as
described above. The Court will also decide what amount of attorneys' fees and expenses, and
Named Plaintiffs' contribution payments will be paid from the Settlement Fund. After the
hearing, the Court will decide whether to approve the Settlement. We do not know how long the
decision will take.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

10

1-CH/201841.1




Pending the final determination of whether the Settlement should be approved, the Parties, all members of the Settlement Class, the Plan, and the Plans' fiduciaries are each barred and enjoined from instituting or prosecuting any action that asserts any Released Claim against any Released Person.

## 18. Do I have to go to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you send an objection, you do not have to go to Court to talk about it. As long as your objection is postmarked by _____ and you comply with the requirements described above, the Court will consider it. You also may pay your own lawyer to attend, but it is not required.

## 19. May I speak at the Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear at settlement hearing in *In re Rhodia Inc. ERISA Litigation*." The letter must include the names of any witnesses you may call to testify at the Fairness Hearing and must identify any documents you intend to introduce into evidence at the Fairness Hearing. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **MAY 30, 2008** and sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the addresses indicated above in the answer to Question 16.

## IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

The Settlement does not require you to do anything, and there is no penalty for doing nothing at all. If you are entitled to a Settlement payment, you will receive a payment as discussed in the answer to Questions 10 and 11.

## GETTING MORE INFORMATION

## 21. Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Parties' Settlement Agreement and Plan of Allocation. You can get a copy of the Settlement Agreement and Plan of Allocation by visiting www.mallisonlaw.com, or you can inspect the papers filed in this Action at the office of the Clerk of Court, **S.DN.Y**_____, during normal business hours. If you have questions about the Settlement, call toll-free _____.

DO NOT CONTACT THE COURT OR ANYONE AT RHODIA FOR INFORMATION. RHODIA EMPLOYEES ARE NOT AUTHORIZED TO PROVIDE ANY INFORMATION ABOUT THE PROPOSED SETTLEMENT OR ANY CLAIMS YOU MAY HAVE.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

11



## DEFINITIONS

The following terms have the meanings specified below:

1. "Action" shall mean the consolidated actions captioned as *In re Rhodia Inc. ERISA Litigation*, Lead Case No. 1:05-CV-10242 DAB, MDL 1714 (DAB) United States District Court for the Southern District of New York (Judge Deborah A. Batts).

2. "Affiliate" shall mean any entity which owns or controls, is owned or controlled by, or is under common ownership or control with, a Person. For purposes of this definition, "control" shall mean the possession, directly or indirectly, of the power whether or not exercised to direct or cause the direction of the management and policies of such Person, whether through the ownership of voting securities or otherwise.

3. "Agreement Execution Date" shall mean the date on which the Settlement Agreement is fully executed.

4. "Cash Amount" shall mean the $2,400,000 (Two Million Four Hundred Thousand Dollars) to be deposited into the Escrow Account.

5. "Class Counsel" shall mean collectively Law Offices of Mallison & Martinez, and Robbins Umeda & Fink, LLP.

6. "Class Exemption" shall mean Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,532.

7. "Class Notice" shall mean the instant Notice which is appended as Exhibit A to the form of Preliminary Approval Order.

8. "Complaint" shall mean Named Plaintiffs' Consolidated Complaint for Breach of Fiduciary Duty filed in the Action on August 4, 2006.

9. "Common Stock Fund" shall mean the Rhodia Stock Fund established under the Plan.

10. "Court" shall mean the United States District Court for the Southern District of New York or any court adjudicating any issues in the above-captioned case.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

12

1-CH/201841.1



11.    "Defendants" shall mean Rhodia Inc., the Benefits Committee of Rhodia Inc., the Investment Committee of the Rhodia Inc. Savings Plus Plan (misnamed in the Complaint as the Investment Committee of Rhodia's Board of Directors), the Individual Defendants, and any other Person named as a defendant in this Action or any of the actions consolidated into this Action.

12.    "Effective Date" shall mean the date on which the Final Order becomes Final in accordance with Definition No. 18 below.

13.    "ERISA" shall mean the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated thereunder.

14.    "Escrow Account" shall mean an interest-bearing escrow account established at a financial institution and governed by an escrow agreement acceptable to the Parties and the Insurer.

15.    "Escrow Agent" shall mean the agent authorized to manage the Escrow Account pursuant to the Settlement Agreement.

16.    "Fairness Hearing" shall mean the hearing at which the Court will consider whether the Settlement is fair, reasonable, and adequate. On or after the Fairness Hearing the Court shall have determined: (i) whether to enter judgment finally approving the Settlement and dismissing the Action (which judgment is referred to herein as the "Final Order"); (ii) whether the distribution of the Net Proceeds should be approved; (iii) whether this Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(1) and/or (b)(2); (iv) what legal fees, costs, expenses, and incentive payments should be awarded to Class Counsel and to the Named Plaintiffs as contemplated by the Settlement Agreement; and (v) such other matters as this Settlement Agreement contemplates and the Court may deem just and proper.

17.    "Rhodia" shall mean Rhodia Inc., a Delaware corporation, each of its Affiliates, each of its past or present predecessors and Successors-In-Interest, subsidiaries, assigns, Representatives, officers, directors, agents or employees.

18.    "Final" shall mean with respect to any judicial ruling or order, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

13

1-CH201841.1

19.     "Final Order" shall mean the Order or Judgment entered by the Court approving the Settlement Agreement. Notwithstanding any other provision hereof, the Final Order shall be deemed Final without regard to whether: (i) the Court has entered an order regarding the award of legal fees and expenses; (ii) any order referred to in (i) above, if entered, has become Final; or (iii) any order referred to in (i) is reversed or modified on appeal.

20.     "Financial Institution" shall mean a place acceptable to all counsel and approved by the Court where the Escrow Account shall be established.

21.     "Independent Fiduciary" shall mean a Plan fiduciary selected and retained at Rhodia's sole expense that has no "relationship to" or "interest in" (as those terms are used in the Class Exemption) any of the Parties.

22.     "Individual Defendants" shall mean Jean-Pierre Tirouflet, Gilles Auffret, Diane Audette, John Donahue, Pierre Prot, Jean-Pierre Clamadieu, and Cheryl Staton.

23.     "Insurance Policy" shall mean the Executive Protection Portfolio Fiduciary Liability Coverage Policy No. 8181-2350.

24.     "Insurer" shall mean the Federal Insurance Company and its Representatives and reinsurers.

25.     "Named Plaintiffs" shall mean Jose Jimenez and Pam Skeeters.

26.     "Net Proceeds" shall mean the Settlement Fund net of disbursements relating costs for providing notice to the members of the Settlement Class and disbursements relating to Court approved attorneys' fees, costs and expenses.

27.     "Parties" shall mean the Named Plaintiffs and the Defendants.

28.     "Person" shall mean an individual, partnership, corporation, governmental entity or any other form of entity or organization.

29.     "Plaintiffs" shall mean the Named Plaintiffs and each member of the Settlement Class.

30.     "Plan" shall mean the Rhodia Inc. Savings Plus Plan and all predecessor and successor plans, individually and collectively, and any trusts created under that plan.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

14

1-CH/201841.1



31. "Plan of Allocation" shall mean the Plan of Allocation to be approved by the Court whereby the Net Proceeds of the Settlement Fund shall be distributed to members of the Settlement Class. The Defendants shall have no responsibility for structuring the content of the Plan of Allocation, but will have the right to review it for feasibility before presentation to the Court. The Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

32. "Preliminary Approval Order" shall mean the order entered on _____, 200_ and approved by all Parties, preliminary certifying the Settlement Class, approving issuance of the Class Notice and Summary Notice, preliminarily approving the Settlement and scheduling a Fairness Hearing for final approval of the Settlement.

33. "Preliminary Motion" shall mean the motion, approved by all Parties, requesting preliminary certification of the Settlement Class, approving issuance of the Class Notice and Summary Notice, preliminarily approving the Settlement and requesting a Fairness Hearing.

34. "Released Claims" shall mean, subject to item 36 below, upon the Effective Date, the Named Plaintiffs, on behalf of themselves, the Plan, and the Settlement Class, shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, all Defendants and any Person that at any time served as a named or functional fiduciary or a trustee of the Plan (including Fidelity Management Trust Company and any of its Affiliates, but excluding the Independent Fiduciary), as well as any Representatives of Defendants or any such Person, including but not limited to their attorneys, agents, directors, officers, and employees, and the Insurer (the "Released Parties") from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the Named Plaintiffs, by or on behalf of the Plan, and/or by any member of the Settlement Class, and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action, including but not limited to, claims based on: (a) breach of ERISA fiduciary duties to the Plan, to the Named Plaintiffs, to the Settlement Class, and to the other participants and beneficiaries of the Plan in connection with the acquisition and direct or indirect holding of Rhodia common stock and/or units of the Rhodia Stock Fund by the Plan or the Plan's participants; (b) failure to provide complete and accurate information to the Plan's fiduciaries or the Plan's participants and beneficiaries regarding Rhodia, Rhodia common stock and/or the Rhodia Stock Fund; (c) failure to appoint, remove and/or adequately monitor the Plan's fiduciaries; (d) violation of ERISA duties related to the acquisition, disposition, or retention of Rhodia common stock and/or units of the Rhodia Stock Fund by the Plan; and (e) claims that would be barred by principles of *res judicata* had the claims asserted in the Action

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.maliisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

15

1-CH/201841.1

been fully litigated and resulted in a final judgment or order; and (f) any and all other claims asserted in the Complaint.

35. "Released Parties" shall mean all Defendants and any Person that at any time served as a named or functional fiduciary or a trustee of the Plan (including Fidelity Management Trust Company and any of its Affiliates, but excluding the Independent Fiduciary), as well as any Representatives of Defendants or any such Person, including but not limited to their attorneys, agents, directors, officers, and employees, and the Insurer.

36. "Releases" shall mean the releases set forth in item 34 above, as well as releases by the Defendants of Named Plaintiffs, the Plan, the Settlement Class, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the Defendants and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action, or the method and manner of the distribution of the Settlement Fund and the Plan of Allocation. In addition, Releases shall mean reciprocal releases among the Defendants of each and every other Defendant from any and all claims relating to the Releases Claims, including any and all claims relating to the Released Claims, including any and all claims for contribution or indemnification for such claims. Further, the Parties intend and agree that the Releases granted shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions. Accordingly, the Named Plaintiffs hereby expressly waive, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plan, and the Defendants hereby expressly waive, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction.

37. "Representatives" shall mean attorneys, agents, directors, officers, and employees.

38. "Settlement" shall mean the proposed Settlement to be consummated under this Settlement Agreement pursuant to the Final Order.

39. "Settlement Agreement" shall mean the Class Action Settlement Agreement dated October 15, 2007.

40. "Settlement Class" shall mean all persons who were participants in or beneficiaries of the Plan at any time between January 1, 1999 and October 1, 2007, and whose

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.maliisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

16

1-CH201841.1

accounts included investments in the Common Stock Fund, excluding any Defendants and their immediate family members.

41. "Settlement Fund" shall mean a "qualified settlement fund" within the meaning of Section 1.468B-1 of the U.S. Department of Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and provide reports to Class Counsel for tax purposes. The Settlement Fund shall constitute of the Cash Amount together with interest earned thereon. It is intended that the Settlement Fund be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with an ERISA-qualified plan. The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment. All taxes on the income of the Settlement Fund and tax-related expenses incurred in connection with the taxation of the Settlement Fund shall be the responsibility of Plaintiffs and shall be paid out of the Settlement Fund. The Parties shall direct the Escrow Agent to pay from the Escrow Account the reasonable cost of administering the Settlement Fund without further order of the Court, which expenses shall include: (i) expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the Settlement Fund; (ii) payment of any taxes owed by the Settlement Fund; (iii) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the Settlement Fund; and (iv) fees charged and expenses incurred by the Escrow Agent associated with administration of the Escrow Account. The Parties may instruct the Escrow Agent to reserve any portion of the Settlement Fund for the purpose of satisfying future or contingent expenses or obligations, including expenses of Escrow Account administration or any disbursement provided under the terms of this Settlement Agreement.

42. "Successor-In-Interest" shall mean a Person's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

43. "Summary Notice" shall mean the form of notice appended as Exhibit B to the form of Preliminary Approval Order.

DATE: _____, 2007

287016_5.DOC

QUESTIONS? CALL _____ TOLL FREE, OR VISIT www.mallisonlaw.com
Do NOT call the Court or Rhodia
They cannot answer your questions.

17

1-CH/201541.1

Exhibit B

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

*In re Rhodia, Inc. ERISA Litigation*
Lead Case No. 1:05-CV-10242 DAB, MDL 1714 (DAB)

### COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT (SUMMARY):

IF YOU WERE A PARTICIPANT IN OR BENEFICIARY OF THE RHODIA INC. SAVINGS PLUS PLAN (THE "PLAN") AT ANY TIME BETWEEN JANUARY 1, 1999 AND OCTOBER 1, 2007 (THE "CLASS PERIOD"), AND YOUR ACCOUNT INCLUDED INVESTMENTS IN THE RHODIA STOCK FUND (THE "SETTLEMENT CLASS"), YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT AS A RESULT OF A CLASS ACTION SETTLEMENT.

The United States District Court for the Southern District of New York (the "Court") has preliminarily approved a proposed settlement ("Settlement") of a class action lawsuit, *In re Rhodia, Inc. ERISA Litigation*, Lead Case No. 1:05-CV-10242 DAB, MDL 1714 (DAB) (the "Action"), brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), against Rhodia Inc. and other Defendants.

This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Settlement Agreement, which is available at www.maljisonlaw.com or from counsel for the Settlement Class ("Class Counsel"). Capitalized terms used in the Notice have the meanings assigned to them in the Settlement Agreement.

The Settlement provides for the payment of $2.4 million in cash into a Settlement Fund as well as certain forms of non-monetary relief. The Settlement Fund (net of certain attorneys' fees and expenses, including those incurred by Class Counsel that are approved by the Court) will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The Settlement also provides for certain non-monetary relief, as described below.

If you qualify as a member of the Settlement Class, you may receive a portion of such funds. You do not need to send in a claim or take any other action unless you object to the Settlement. The United States District Court for the Southern District of New York has authorized this Summary Notice.

ON **JunE 13** , 200**8** AT **10 : 30** **A.**M. THE COURT WILL HOLD A FAIRNESS HEARING TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.

### WHAT IS THE LAWSUIT ABOUT?

Named Plaintiffs allege that Defendants violated their fiduciary duties under the federal law known as ERISA by, among other things, allegedly: (i) maintaining investments in the Rhodia Stock Fund ("Common Stock Fund") in the Plan at a time when the stock was allegedly

1



an imprudent investment because of its declining value; (ii) failing to disclose to Plan participants the risk of investing in the Common Stock Fund stock given its volatility; and (iii) failing to monitor the performance of those to whom fiduciary duties had been delegated under the Plan. Defendants deny that they have done anything wrong. The Court has not ruled in favor of either side.

## WHAT DOES THE SETTLEMENT OF THE ACTION PROVIDE?

The Settlement Agreement provides for both non-monetary and monetary consideration for settlement of this Action. The Settlement provides for the payment of $2.4 million in cash into a Settlement Fund (minus Court-approved attorneys' fees and expenses and certain Settlement administration costs) (the "Net Proceeds"), which will be allocated to members of the Settlement Class in accordance with a Plan of Allocation to be approved by the Court. The Settlement Agreement describes all of the details about the proposed Settlement. Your share of the Settlement Fund, if any, will depend on the dollar value of your interest in the Common Stock Fund, the calculation of which is fully explained and set forth in the Plan of Allocation, which will be available at www.mallisonlaw.com. Settlement Class members whose share of the Settlement Fund is less than $30 will not receive a distribution; their share of the Settlement Fund will instead be reallocated to other members of the Settlement Class who are entitled to a distribution.

In addition, as part of the Settlement, Rhodia has agreed to eliminate the Common Stock Fund as an investment option under the Plan on or before December 31, 2007. The Common Stock Fund was liquidated on October 1, 2007. In the event Rhodia decides to reinstate the Common Stock Fund at a future date, the Settlement Agreement provides that: (i) Rhodia will not allocate any portion of matching contributions to the Common Stock Fund; (ii) there will be no restrictions on the ability of participants to transfer balances out of the Common Stock Fund; and (iii) Rhodia will add the following language to the Plan's Summary Plan Description: "Investment in the stock of any single company is an inherently risky investment. You should consider this risk as you are deciding whether to invest in the Common Stock Fund."

## HOW DO I RECEIVE A PAYMENT?

If you are a member of the Settlement Class and are entitled to a share of the Settlement Fund according to the Settlement Agreement, you are **NOT** required to do anything to receive a payment, and you are not responsible for calculating your share, if any, of the Settlement Fund. If you are a current Plan participant, payment will be made into the Rhodia Savings Plus Plan Trust ("Trust") for distribution to you in accordance with the Plan of Allocation. You will receive your distribution directly into your Plan account to be allocated among your investment options in accordance with the existing investment elections then in effect.

If you are a former Plan participant, payment will be made into a sub-trust of the Trust and held on your behalf pending distribution. You will be notified if you are entitled to receive a distribution from the sub-trust.

## WHAT ARE MY OPTIONS?

You cannot "opt out" or exclude yourself from the Settlement Class. If you object to the Settlement, Plaintiffs' request for payment of attorneys' fees and expenses, the Plan of

2



Allocation, or any other aspect of the Settlement, you may file a written objection as described in the Notice of Class Action Settlement. The objection must be postmarked no later than **MAY 30 2008**. If you do not want to object to the Settlement, you do not have to do anything.

## ARE THERE MORE DETAILS TO THE SETTLEMENT?

The Settlement includes a number of other important details. These include, but are not limited to, provisions relating to the release of claims against Defendants and other Released Parties by the Settlement Class.

## HOW DO I GET MORE INFORMATION?

If you are a member of the Settlement Class, you should be receiving a Notice of Class Action Settlement regarding the Settlement in the mail. You should read that document for more information. It is more detailed than this summary notice. If you do not receive a Notice of Class Action Settlement in the mail, you may request one by calling, toll-free _____. Copies of the Settlement Agreement and Plan of Allocation can also be obtained at www.mallisonlaw.com.

The following attorneys and law firms are Class Counsel in this action. You may write to any of the firms listed below if you have any questions about the Settlement:

Jeffrey P. Fink
ROBBINS UMEDA
 & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101

Stan S. Mallison
LAW OFFICES OF MALLISON
 & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549

## WHAT HAPPENS NEXT?

The Court will hold a Fairness Hearing in this case on **JUNE 13**, 200**8** at **10:30 a**m. at the Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York, to consider whether to approve the Settlement. At the Fairness Hearing, the Court will also rule on a request by Class Counsel (Robbins Umeda & Fink, LLP and Law Offices of Mallison & Martinez) on behalf of Named Plaintiffs, for attorneys' fees in an amount of up to 25% of the Settlement Fund, reimbursement of costs and expenses, and contribution payments to the Named Plaintiffs. The attorneys' fees, costs and expenses, and contribution payments, if approved, will be paid from the Settlement Fund. As fully described in the Notice of Class Action Settlement, you may file and serve a written notice of intention to appear at the Fairness Hearing, but attending or appearing at the Fairness Hearing is not required.

3